UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| JAY WALLACE ROSS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:15-CV-458-TAV-HGB |
| | ) | | 3:08-CR-61-TAV-HGB |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## ORDER DENYING POST-JUDGMENT MOTIONS

Before the Court are Petitioner Jay Wallace Ross's motions to alter or amend the judgment denying his motion to vacate, set, aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docs. 1, 3, and 5 in No. 3:15-CV-458]. Upon review of the pleadings and the record in this cause, along with the applicable law, the Court finds Ross's motions should be denied.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In June of 2008, Ross pleaded guilty to possessing with intent to distribute at least 500 grams of cocaine hydrochloride, possessing a firearm in furtherance of a drug trafficking crime, possessing a firearm as a convicted felon, and possessing a firearm as a fugitive from justice [Docs. 8 and 15 in No. 3:08-CR-61]. He was deemed a career offender due to a prior federal conviction for drug trafficking and a prior Ohio robbery conviction, so his sentence was enhanced under § 4B1.1 of the United States Sentencing Guideline ("Guideline(s)").

On May 31, 2013, Ross was sentenced to a 262-month term of incarceration, which this Court ordered served concurrently with Ross's undischarged State term of incarceration for the Ohio robbery offense [Docs. 19, 23, 37 in No. 3:08-CR-61]. Ross's conviction and sentence were affirmed on appeal, and his request for a writ of certiorari was denied [Docs. 44 and 47 in No. 3:08-CR-61].

Thereafter, Ross submitted a § 2255 motion and supplement alleging, in part, that his career-offender designation is invalid after the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Docs. 48, 49, and 58 in No. 3:08-CR-61]. By Order entered November 22, 2016, the Court rejected Ross's arguments, finding that Ross's Ohio conviction of third-degree robbery qualifies as a crime of violence under the use-of-force clause of § 4B1.2 [Doc. 59 p. 10 in No. 3:08-CR-61].

On or about December 19, 2016, Ross filed the first of the instant motions to alter or amend judgment, alleging that the Court erred in denying his § 2255 motion [Doc. 1]. Specifically, Ross asserts that his prior Ohio conviction for third-degree robbery is unconstitutionally vague and no longer counts as a "crime of violence" after the Supreme Court's decision in *Johnson* and *Mathis*, and therefore, he no longer qualifies as a career offender under the Guidelines.

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows a petitioner to move to alter or amend a judgment within twenty-eight days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Such a motion may only be granted "to correct a clear error of law; to

account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). A Rule 59 motion may not be used to relitigate issues out of dissatisfaction with the Court's initial ruling, nor may it be used to offer a new, independent basis for a criminal defendant to challenge his sentence. *See, e.g., Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case'"); *see also Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (noting "Rule 59(e) motions 'are aimed at reconsideration, not initial consideration'") (citation omitted).

Motions seeking reconsideration of a judgment that are filed more than 28 days after judgment are construed as motions for relief from judgment under Federal Rule of Civil Procedure 60(b). *See In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). Like Rule 59(e), "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted). Rather, it is appropriate to "relieve a party . . . from a final judgment" under a "limited set of circumstances," such as where the petitioner alleges "some defect in the integrity of . . . federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 527, 532 (2005).

## III. DISCUSSION

The Guidelines provide for the enhancement of a defendant's offense level under § 4B1.1 if he qualifies as a "career offender," i.e., his conviction is a "crime of violence or controlled substance offense," and he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Guideline § 4B1.1(a).

The variant of robbery Ross committed provided that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall. . . use or threaten the immediate use of force against another." Ohio Rev. Code § 2911.02(A)(3) and (B) [Docs. 49 and 49-1 in No. 3:08-CR-61]. This Court determined that because that variant expressly requires the use or threatened use of immediate force against another, it qualified as a crime of violence under § 4B1.2(a)(1)'s use-of-force clause [Doc. 59 p.10 in No. 3:08-CR-61].

After Ross's sentencing and his initial § 2255 motion, the Sixth Circuit decided *United States v. Yates*, holding that § 2911.02(A)(3) is not a predicate offense under § 4B1.1, because it does not satisfy § 4B1.2(a)(1)'s "use of physical force" requirement. *See United States v. Yates*, 866 F.3d 723, 727-33 (6th Cir. 2017). In his third motion for reconsideration, Ross argues that *Yates* requires this Court to vacate its judgment.

Ross argues that his prior Ohio robbery conviction would not qualify as a violent felony if he were sentenced today. However, challenges to Guidelines calculations, including Ross's career-offender classification, are ordinarily not cognizable under § 2255, because "the [G]uidelines themselves are advisory." *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) (citing *United States v. Booker*, 543 U.S. 220, 246 (2005); *United States*

*v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005)). An alleged error in the calculation of the Guidelines range thus lacks constitutional or jurisdictional significance. Moreover, even if Ross's Ohio robbery conviction could not have been properly considered under the use-of-force clause of § 4B1.2, it qualified under the residual clause, which the Supreme Court has held is not void for vagueness nor subject to vagueness challenges. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

## IV. CONCLUSION

Ross has not established any basis for Rule 59 or Rule 60 relief, and his motions [Docs. 1, 3, and 5] are **DENIED**. Because the Court finds that reasonable jurists would not debate whether these motions should have been resolved differently or that the issues presented herein are deserving of further encouragement, the Court denies a certificate of appealability for this order. *See Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003).

**IT IS ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE